IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CRAIG HITE,

      **Plaintiff,**

v.                                                        Case No: 2:25-cv-00323

**CORRECTIONAL OFFICER JAMES PONTIER,**
**CORRECTIONAL OFFICER JOHNNY WILSON,**
**and JOHN/JANE DOES,**

      **Defendants.**

## COMPLAINT

Comes now the Plaintiff, Craig Hite, by and through counsel, Stroebel & Stroebel, P.L.L.C., and for his complaint against the above-named Defendants, states as follows:

1. Plaintiff, Craig Hite (hereinafter, "Plaintiff"), is a citizen and resident of West Virginia that was incarcerated at Mount Olive Correctional Complex and Jail. Plaintiff has exhausted his administrative remedies.

2. Defendant, Correctional Officer James Pontier, was employed by the West Virginia Division of Corrections and Rehabilitation (hereinafter WVDOCR) as a correctional officer at Mount Olive Correctional Complex and Jail (hereinafter MOCC) that used unwarranted and excessive force against the plaintiff.

3. Defendant, Correctional Officer Johnny Wilson, was employed by the West Virginia Division of Corrections and Rehabilitation (hereinafter WVDOCR) as a correctional officer at Mount Olive Correctional Complex and Jail (hereinafter MOCC) that used unwarranted and excessive force against the plaintiff.

4. Defendants John/Jane Does were Correctional Officers that were involved in and participated in the excessive use of force incident discussed herein.

5. Defendants herein were conducting a cell extraction of plaintiff when they unnecessarily and unreasonably used excessive force against plaintiff. Plaintiff was not a threat to himself, the COs or to state property, when defendants used unreasonable force against plaintiff that included striking plaintiff in the face and body multiple times. Plaintiff's injuries required outside medical attention at the hospital. The excessive acts and omissions of the

defendants directly resulted in plaintiff being injured. Plaintiff affirmatively states that he has exhausted his administrative remedies. Plaintiff further asserts that there should be handheld video of the incident.

6. Defendants also attempted to cover up their wrongful conduct by filing false reports. Plaintiff further asserts that he is seeking damages from the defendants up to an amount commensurate with the amount of insurance coverage when applicable to the claims made herein. All individual defendants are being sued in their individual capacities and were acting under the color of state law at all times relevant herein.

7. All events and occurrences alleged herein occurred in the State of West Virginia.

## FACTS

8. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 7 as if set forth herein.

9. At all times relevant herein, Plaintiff was an inmate at MOCC. Defendants were at all times acting within the scope of their employment and under the color of state law. Defendants became angry with plaintiff when plaintiff requested to be placed on suicide watch. Defendants also reported that plaintiff was acting differently. Defendants, in response, extracted plaintiff from his cell by using unnecessary and unreasonable force, striking plaintiff multiple times in the face and body.

10. Defendants' use of force was unnecessary and excessive and caused plaintiff injuries requiring outside intervention.

11. The excessive conduct of defendants should be on a video recording.

12. Defendants' conduct, carried out under the color of state law, violated WVDOCR policy which addresses the duty to protect inmates from harm as well as the use of force policy adopted by the WVDOCR. This conduct also violated plaintiff's right to be free from excessive physical force in violation of the Eighth Amendment to the United States Constitution. At no time was plaintiff a threat to the defendants or himself. Defendants filed false reports in an attempt to cover up their conduct.

## COUNT I –OUTRAGEOUS CONDUCT

13. Plaintiff re-alleges and incorporates paragraphs 1 through 12 above as if fully set forth herein.

14. Defendants injured plaintiff while using excessive force against plaintiff. This conduct caused plaintiff serious emotional distress and physical pain. No person should be subjected to such outrageous conduct. Defendants would have known that such conduct was likely to cause severe emotional distress.

15. Defendants are liable for their inappropriate conduct and the use of excessive force against plaintiff and the resulting severe emotional distress.

16. As a result of the aforementioned wrongful conduct, Plaintiff has suffered mental anguish, embarrassment, humiliation and physical injury and has otherwise been greatly damaged through defendants' violation of his rights and is therefore entitled to compensatory damages as well as punitive damages from defendants as well as and attorney fees and costs pursuant 42 U.S.C.§ 1988.

## COUNT II- VIOLATION OF 42 USC §1983

17. Plaintiff realleges and incorporates paragraphs 1 through 16 above as if fully set forth herein.

18. Defendants used excessive force against Plaintiff when they punched plaintiff and multiple times, when plaintiff did not pose a threat to himself, the officers or others. This conduct was unwarranted, unnecessary and unjustified. Defendants' actions were done to Plaintiff under the color of the law of the State of West Virginia. The conduct described herein deprived plaintiff of his rights and privileges under the Constitution of the United States of America. At no time did defendants employ any efforts to temper. Defendants' conduct was excessive and is cruel and unusual punishment.

19. The excessive force used against Plaintiff by WVDOCR's employees was in violation of Plaintiff's rights under the Eighth Amendment of the United States Constitution. The conduct as described herein was unwarranted and amounts to cruel and unusual punishment.

20. The conduct of Defendants was so egregious and outrageous, so as to constitute an abuse of power in violation of Plaintiff's rights under the Eighth Amendment. Further, Defendants' acts, as set forth herein, were done while acting under the color of state law. Defendants failed to employ any efforts to temper. Defendants further lied in their incident reports in an attempt to cover-up their wrongful conduct. Defendants would have known that their conduct violated plaintiff's constitutional rights as a result of legal precedent and their training. Defendants' unconstitutional conduct included the following:

      a)      punching plaintiff without just cause;

      b)      fabricating incident reports to hide their wrongdoing; and

      c)      conspiring with each other to cover-up their wrongful conduct.

21. As a result of the aforementioned violation of plaintiff's civil rights, Plaintiff has suffered mental anguish, embarrassment, humiliation and physical injury and has otherwise been greatly damaged through defendant's violation of his rights and is therefore entitled to compensatory damages as well as punitive damages against defendants as well as attorney fees and costs pursuant to 42 U.S.C.§ 1988.

## COUNT III – CONSPIRACY TO CONCEAL WRONGFUL CONDUCT

22. Plaintiff realleges and incorporates paragraphs 1 through 21 above as if fully set forth herein.

23. The individual defendants herein conspired with each other to write incident reports that falsified various events described herein. The purpose of this conspiracy was to conceal or hide their wrongful conduct. Video review will establish that Defendants' reports were false. Defendants' failure to do so was intentional and part of their effort to conceal their wrongful conduct.

24. Plaintiff has been severely damaged as a result of this conspiracy.

WHEREFORE, for the reasons set forth in this Complaint, and for such other and further reasons as are apparent to this Honorable Court, Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff and against the Defendants, jointly and severally, and requests that the Court award damages including, but not limited to, physical injury, medical expenses, damages for emotional and mental distress and punitive damages, court costs, pre-judgment interest, post-judgment interest, attorney's fees and expenses.

PLAINTIFF DEMANDS A TRIAL BY JURY.

                                            CRAIG HITE,
                                            By Counsel,

/s/ Paul M. Stroebel
Paul M. Stroebel (WV Bar #5758)
Stroebel & Stroebel, PLLC
P.O. Box 2582
Charleston, WV 25329
Telephone: (304) 346-0197
Fax: (304) 346-6029
E-mail: paulstroeb@aol.com